**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **ASHLEY HAYES**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 17-cv-51 |
| v. | ) | |
| | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| **RUBY TUESDAY, INC.**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Ashley Hayes brings this action against Defendant Ruby Tuesday, Inc. ("Defendant") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §§ 201, et seq. and 28 U.S.C. § 1331.

2. Venue is this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff is an individual residing in Mobile, Alabama.

4. Defendant Ruby Tuesday, Inc. is a corporate entity registered to do business in Alabama. Defendant is subject to personal jurisdiction in the State of Alabama for purposes of this Lawsuit.

5. At all material times to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

6. Defendant is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that moved in and/or were produced in commerce.

7. Defendant is an employer covered by the record-keeping, minimum wage, and overtime mandates of the FLSA.

**FACTS**

8. Plaintiff was employed by Defendant as a sever at its restaurant located on Higgins Road in Mobile, Alabama from approximately November of 2014 to May of 2015, January of 2016 to April of 2016, and as a sever at Defendant's restaurant located on Airport Blvd. in Mobile, Alabama from approximately June of 2016 to November of 2016. Plaintiff's pay and job duties were similar at both locations, although Plaintiff's duties included opening the restaurant in approximately February of 2016.

9. Defendant would require Plaintiff to work off the clock from February of 2016 to April of 2016 and June of 2016 to November of 2016 while opening the restaurant and claim the tip credit for non-tip producing work.

10. Defendant paid Plaintiff a sub-minimum hourly wage of $2.13, plus any tips earned and paid by restaurant patrons.

11. Plaintiff was also required to report to work and work off the clock for 30 to 40 minutes before clocking in performing duties which included, but were not limited to, making tea and coffee, cutting lemons, carrying ice, filling sanitizer buckets, labeling condiments, wiping dirty tables, and vacuuming.

12. Defendant also required Plaintiff to spend more than 20% of her time during her shift performing non-tip producing work. Such non-tip producing work included, but was not

limited to, cleaning tables, vacuuming, rolling silverware, washing silverware, restocking glasses, stocking condiments, cleaning window ledges, dusting lampshades, wiping seats, and stocking tea and glasses.

13. Defendant paid Plaintiff a sub-minimum hourly wage of $2.13 for time spent performing non-tip producing work.

14. In the absence of discovery, Plaintiff estimates that she was required to spend a substantial amount of her time performing non-serving, non-tip producing duties for approximately an hour to two hours per shift, including at the end of her shift.

15. The non-tip producing work did not help Plaintiff earn tips from restaurant patrons.

16. Plaintiff should have been paid at least the minimum cash wage for the time she was required to be on the premises at the beginning and end of her shift in performing non-tip producing duties.

**COUNT I**

(Alleging Violations of the FLSA)

17. All previous violations are incorporated as though fully set forth herein.

18. Plaintiff is an employee fully entitled to the FLSA's protections.

19. Defendant is an employer covered by the FLSA.

20. The FLSA entitles employees to minimum hourly compensation of $7.25 for hours worked under 40 in a week. 29 U.S.C. § 206(b).

21. The FLSA prohibits an employer from utilizing a tip credit to satisfy its minimum wage obligations to an employee where such employee is spending more than 20% of the time performing non-tip producing work. 29 C.F.R. § 531.56(e).

22. By requiring Plaintiff to work off the clock or to spend more than 20% of her time performing non-tip producing work for $2.13 per hour, Defendant violated the FLSA's minimum wage mandates by failing to pay Plaintiff the full minimum wage.

23. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

Plaintiff seeks the following relief:

A. All unpaid minimum wages;

B. Prejudgment interest;

C. Liquidated damages:

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ROSENTHAL PARKS LLP**

By: /s/ Rebecca D. Parks
Ian D. Rosenthal – ROSEI6905
Rebecca D. Parks – PARKJ4161
P.O. Box 1924
Mobile, AL 36633
(251) 338-0949 (office)
(251) 206-6760 (fax)

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ruby Tuesday, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104